1   JOHN PAUL OLEKSIUK (SBN 283396)
    jpo@cooley.com
2   COOLEY LLP
    1333 2ND STREET, SUITE 400
3   SANTA MONICA, CA  90401-4100
    TELEPHONE:     (310) 883-6400
4   FACSIMILE:     (310) 883-6500

5   PATRICK GUNN (SBN 172258)
    pgunn@cooley.com
6   COOLEY LLP
    101 CALIFORINA STREET, 5TH FLOOR
7   SAN FRANCISCO, CA 94111
    TELEPHONE:     (415) 693-2000
8   FACSIMILE:     (415) 693-2222

9
    Counsel for Plaintiff
10  ALEXANDRIA REAL ESTATE EQUITIES, INC.

11                  UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13

14  ALEXANDRIA REAL ESTATE              Case No.
    EQUITIES, INC., a Maryland
15  corporation,                        **COMPLAINT FOR:**

16              Plaintiff,

17       v.                             **(1) FEDERAL TRADEMARK
                                        INFRINGEMENT UNDER 15
18  THE ALLEN INSTITUTE FOR             U.S.C. § 1114;**
    ARTIFICIAL INTELLIGENCE, a
19  Washington nonprofit corporation,   **(2) UNFAIR COMPETITION
                                        AND FALSE DESIGNATION OF
20              Defendant.              ORIGIN UNDER 15 U.S.C. §
                                        1125;**
21
                                        **(3) UNFAIR COMPETITION
22                                      UNDER CAL. BUS. & PROF.
                                        CODE § 17200, ET SEQ.; AND**
23
                                        **(4) CALIFORNIA COMMON
24                                      LAW TRADEMARK
                                        INFRINGEMENT.**
25
                                        **DEMAND FOR JURY TRIAL**
26

27

28

Alexandria Real Estate Equities, Inc. ("Alexandria" or "Plaintiff"), complains and alleges against Defendant The Allen Institute for Artificial Intelligence ("Defendant") as follows.

## INTRODUCTION

1. Alexandria brings this lawsuit under the Lanham Act (15 U.S.C. § 1051, *et seq.*), California Business and Professions Code § 17200, *et seq.*, and the common law of the State of California, against Defendant for its unauthorized use of Alexandria's ALEXANDRIA trademark.

2. Alexandria uses its distinctive ALEXANDRIA trademark as a house mark and brand for its leading real estate development and management services, as well as in connection with its sponsored scientific debates, conferences and networking services. When promoting and identifying its offerings, Alexandria often displays its ALEXANDRIA mark coupled with a highly distinctive lighthouse logo. Alexandria recently discovered that Defendant, without authorization from Alexandria, has adopted and is using the identical ALEXANDRIA word mark with a closely similar logo design in connection with Defendant's scientific research and publication services.

3. Defendant's use of the ALEXANDRIA trademark and imitative logo (collectively, "Defendant's ALEXANDRIA Marks") is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's products and services and thus result in irreparable harm to Alexandria. At the time it adopted Defendant's ALEXANDRIA Marks, Defendant was aware of Alexandria and its use of the ALEXANDRIA mark.

4. Upon learning of Defendant's proposed activities under Defendant's ALEXANDRIA Marks in a March 2018 capital markets newsletter, Alexandria promptly contacted Defendant on April 3, 2018 and requested that it cease use of the trademarks in light of Alexandria prior trademark rights in its ALEXANDRIA marks. In response, Defendant attempted to refute Alexandria's infringement claims,

asserting that, prior to receipt of the letter, it had been unaware of Alexandria's "interest in science and technology in Seattle."  When Alexandria reiterated its demands in a May 14, 2018 letter, Defendant did not reply and has continued to use Defendant's ALEXANDRIA Marks without alteration. Plaintiff brings this action to enjoin Defendant from marketing, promoting and/or rendering its scientific research and publication offerings under Defendant's ALEXANDRIA Marks. Plaintiff also seeks damages resulting from Defendant's unfair and unlawful conduct, and other further relief as this Court may deem just and equitable.

## THE PARTIES

5.     Plaintiff Alexandria is a corporation organized under the laws of the State of Maryland and has its principal place of business at 385 East Colorado Blvd., Suite 299, Pasadena, California 91101.

6.     Defendant is a nonprofit corporation organized under the laws of the State of Washington and has its principal place of business at 2157 N. Northlake Way, Suite 110, Seattle, Washington 98103.

## JURISDICTION AND VENUE

7.     This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. §1051, *et seq.*, California Business and Professions Code § 17200, *et seq.*, and California state common law.

8.     This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367.

9.     This Court has personal jurisdiction over Defendant because (i) Defendant conducts business within the State of California and this judicial district; (ii) Defendant has caused products and services to be advertised, promoted, and/or sold under Defendant's ALEXANDRIA Marks in the State of California and this judicial district; (iii) the causes of action asserted in this Complaint arise out of Defendant's contacts with the State of California and this judicial district; and (iv)

1   Defendant has caused tortious injury to Plaintiff in the State of California and this
2   judicial district.

3       10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)
4   because a substantial part of the events or omissions giving rise to claims in this
5   Complaint occurred in this judicial district.

6       11.    This Court may exercise supplemental jurisdiction over the claims arising
7   under the laws of the state of California because they are so related to the claims in the
8   action arising under the Lanham Act that they form part of the same case or
9   controversy.

10                          **FACTUAL BACKGROUND**

11           **PLAINTIFF'S BUSINESS AND THE ALEXANDRIA TRADEMARK**

12       12.    Alexandria is a publicly traded real estate investment trust. Founded over
13   two decades ago, Alexandria pioneered the market for properties dedicated to
14   scientific and technology enterprises and the concept of collaborative business and
15   scientific research campuses. Over the ensuing years, Alexandria has grown to be the
16   predominant developer and manager of such properties with approximately 30 million
17   square feet of property under development and management. Alexandria's properties
18   are located in the country's premiere life sciences and technology communities
19   including among others, Boston, San Diego, San Francisco and Seattle. In Seattle, in
20   particular, Alexandria is the developer and manager of multiple properties located
21   primarily in the South Lake Union area.  Alexandria was founded on the belief that
22   life sciences and other technology companies are most successful when located in the
23   epicenter of leading life sciences markets, adjacent to world-renowned academic and
24   medical institutes, with the concomitant access to talent and capital. This "cluster"
25   principal informs both the location and the nature of the properties that Alexandria
26   offers to its tenants.  In marketing its facilities and property services, Alexandria
27   emphasizes the resulting opportunity for collaboration and communication within the
28   scientific community as a key feature of its offerings.

13.   Alexandria has invested significant resources in determining how to foster collaboration, networking and discussion among the scientific and technology communities.  To that end, Alexandria has conducted substantial research on how architectural design and particular facility amenities can promote meaningful collaboration and exchange between Alexandria's tenants and their colleagues and guests.

14.   In addition to this focus on how collaboration and communication is enhanced by its property development and management services, Alexandria independently encourages and facilitates gatherings of leaders in the global scientific community for discussion and debate on critical life science related issues.  Through its recurring ALEXANDRIA SUMMIT conference, Alexandria provides prominent thought leaders with an opportunity to engage and discuss matters related to the medical, technology, life sciences, pharmaceutical, academic, financial, philanthropic and government sectors. Recent conferences have focused on timely issues concerning oncology, infectious diseases, and healthcare economics.

15.   Alexandria is also a prominent investor and sponsor of incubators and similar vehicles for the creation, fostering and development of companies offering leading edge technologies. Alexandria is currently an investor in Accelerator Life Science Partners, a Seattle-based venture capital firm specializing in incubation and development of companies in the science and technology sectors.  Alexandria also advertises and offers similar proprietary incubator services under its ALEXANDRIA LAUNCHLABS,   ALEXANDRIA   SCIENCE   HOTEL,   ALEXANDRIA INNOVATION CENTER and VCSUITES brands.  Alexandria's high profile in the scientific community is furthered by the role the company's chairman takes as an advisor and/or board member to many of the country's leading research institutions, foundations and companies.

16.   In recognition of the company's significant achievements, Alexandria has received many awards and accolades for its business accomplishments as well as its

philanthropic activities. Alexandria and its executive team have been featured on televised programs and in prominent news and scientific publications, including *Bloomberg*, *Chemical & Engineering News*, *Forbes*, *GeekWire*, *The New York Times*, *Nature*, and *The Wall Street Journal*.

17.    As a result of the forgoing activities, Alexandria is well known and highly regarded throughout the scientific and technology community as a leading provider of high quality, innovative properties, and as a visionary in fostering communication and collaboration in the relevant fields of business.

18.    Since at least as early as 1997, Alexandria has devoted substantial time, effort, and resources to the development and extensive promotion of the ALEXANDRIA mark and the services and later-offered products disseminated thereunder. As a result of Alexandria's efforts, members of the public, including life sciences and technology companies, research institutions, educational institutions, investment banks, venture capital firms and investors have come to recognize the ALEXANDRIA trademark as an indicator of quality products and services emanating from Alexandria. The ALEXANDRIA mark enjoys substantial goodwill throughout the marketplace and is a valuable asset of Alexandria.

19.    Alexandria, also since at least as early as 1997, has consistently displayed a stylized version of its ALEXANDRIA mark coupled with a distinctive Lighthouse Design logo (the "Alexandria Logo"), as shown below, to promote and identify the source of its services and later-offered products.



COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

**COMPLAINT**

20. To protect its trade name and trademarks, Alexandria owns numerous trademark registrations in the U.S. and abroad for its ALEXANDRIA house mark and the Alexandria Logo, among others, (collectively, the "ALEXANDRIA Marks") in connection with its products and services including but not limited to the following registrations at the United States Patent & Trademark Office ("PTO") (collectively, the "ALEXANDRIA Registrations"):

| Trademark | U.S. Registration Number | Identification of Goods/Services |
|---|---|---|
| ALEXANDRIA | 2,300,323 | Class 36: Real estate brokerage services for office and laboratory properties; real estate management of office and laboratory properties<br><br>Class 37: Real estate development, namely, development of office and laboratory properties |
| ALEXANDRIA | 2,817,752 | Class 35: Business management services, namely business incubator services; rental and leasing of office equipment<br><br>Class 36: Real estate brokerage; incubator financing services; land acquisition, namely, real estate brokerage services; real estate property/ asset management; real estate management in the fields of laboratories, office space, high technology felicities, research and development facilities, and manufacturing facilities; real estate leasing in the fields of laboratories, office facilities, high technology facilities, research and development facilities, and manufacturing facilities<br><br>Class 37: Real estate development, namely, development and redevelopment of office, commercial laboratory and manufacturing facilities including retrofit and conversion of office and business properties and laboratories; maintenance and/or repair of buildings, electrical systems, heating and air conditioning systems, and plumbing systems; construction planning, namely developing laboratories<br><br>Class 42: Architectural and architectural |

| Trademark | U.S. Registration Number | Identification of Goods/Services |
|---|---|---|
| | | design services; engineering; rental and leasing of laboratory equipment and computers |
| ALEXANDRIA | 2,865,403 | Class 35: Business development services, namely providing start-up support for businesses of others; business management; business consulting services<br><br>Class 39: Rental of warehouse space<br><br>Class 42: Architectural design services |
| ALEXANDRIA | 2,798,395 | Class 36: Financing services; Financing services, namely, providing financing services and working capital; debt and equity financing services and capital; loan and credit financing services; financing services and providing working capital for the design, improvement, development, redevelopment, conversion, retrofit, construction and expansion of facilities; financing services for the purchase, lease, rental or maintenance of scientific equipment, instrumentation and accessories, medical equipment, instrumentation and accessories, clinical equipment and accessories, industrial equipment and accessories, electronic equipment and accessories, computer hardware, software and accessories, office automation equipment and accessories, and office furniture; providing financing services and working capital in the field of facilities management; providing financing services via communications networks |
| ALEXANDRIA | 5,241,697 | Class 41: Educational services, namely, organizing and conducting classes, seminars, lectures, conferences, symposia and workshops in the fields of technology, science, medicine, genetics, health and healthcare and distribution of course materials in connection therewith; providing educational services, namely, classes, seminars, lectures, conferences, symposia and workshops in the field of management of life science and biotechnology research and development initiatives; providing on-line publications in the nature of non-downloadable electronic books, brochures, magazines, journals, booklets, pamphlets, and |

| Trademark | U.S. Registration Number | Identification of Goods/Services |
|---|---|---|
| | | manuals in the fields of technology, science, medicine, genetics, health and healthcare<br><br>Class 43: Hosting services in the nature of providing facilities for classes, seminars, lectures, conferences, symposia and workshops in the fields of technology, science, medicine, genetics, health, and healthcare |
| ALEXANDRIA and Design  | 2,547,508 | Class 36: Land acquisition, namely, real estate brokerages services for office and laboratory properties; real estate management of office and laboratory properties<br><br>Class 37: Real estate development, namely, development of office and laboratory properties |
| Alexandria Logo  | 2,795,359 | Class 35: Business administration services; business consulting services; business incubator services, namely business marketing, business management, and business development services in the form of start-up support for businesses of others; property management, namely rental and leasing of office machinery and equipment<br><br>Class 36: Real estate services, namely real estate brokerage, acquisition, maintenance, rental, leasing, and management services; asset management services; financial services, namely financial consultation, financial analysis, financial planning, financial management, financing services, providing debt and equity capital, tangible and intangible asset financing, and financial portfolio management; business incubator services, namely providing debt and equity financing to emerging and start-up companies<br><br>Class 37: Real estate development services; building construction and repair services<br><br>Class 42: Architectural and architectural design services; engineering services |

| Trademark | U.S. Registration Number | Identification of Goods/Services |
|---|---|---|
| ALEXANDRIA CENTER FOR SCIENCE AND TECHNOLOGY | 4,050,081 | Class 35: Business administration and management; business management consulting; business incubator services, namely, business marketing, business management, and business development services in the form of start-up support for businesses of others; rental and leasing of office machinery and equipment; business networking services; business communications services, namely, public relations, advertising, marketing and publicity services<br><br>Class 36: Real estate management<br><br>Class 37: Real estate development; building construction and repair; maintenance and repair of buildings<br><br>Class 42: Architectural design services; engineering services; rental and leasing of computers |
| ALEXANDRIA: LABORATORIES OF THE FUTURE | 4,050,616 | Class 36: Real estate management<br><br>Class 37: Real estate development<br><br>Class 42: Architectural design services |
| ALEXANDRIA SUMMIT | 4,572,643 | Class 16: Publications, namely, books, brochures, magazines, booklets, pamphlets, newsletters and manuals in the fields of biology, biotechnology, medicine, health, healthcare, chemistry, genetics, environmental science, research and technology<br><br>Class 35: Business networking services; business communications services, namely, public relations, advertising, marketing and publicity services; promoting collaboration within the medical, biological, scientific, research and technology communities<br><br>Class 38: Providing an online forum for companies and organizations to network and communicate in the fields of biology, biotechnology, medicine, health, healthcare, |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

| Trademark | U.S. Registration Number | Identification of Goods/Services |
|---|---|---|
| | | chemistry, genetics, environmental science, research and technology; providing an online forum to showcase, display, demonstrate and promote new and innovative ideas, technologies, products and services in the fields of biology, biotechnology, medicine, health, healthcare, chemistry, genetics, environmental science, and technology<br><br>Class 41: Educational services, namely, organizing, hosting and conducting classes, seminars, lectures, conferences, symposia and workshops in the fields of biology, biotechnology, medicine, health, healthcare, chemistry, genetics, environmental science, research and technology and distribution of course materials in connection therewith; providing on-line publications in the nature of books, brochures, magazines, booklets, pamphlets, and manuals in the fields of biology, biotechnology, medicine, health, healthcare, chemistry, genetics, environmental science, research and technology<br><br>Class 42: Computer services, namely, creating an on-line community for registered users to participate in discussions, receive feedback from their peers, form virtual communities, and engage in social networking<br><br>Class 43: Provision of conference center facilities for meetings and seminars |
| ALEXANDRIA TECHNOLOGY CENTER | 3,894,167 | Class 35: Rental and leasing of equipment<br><br>Class 36: Real estate services, namely real estate brokerage, acquisition, rental, leasing, and management services<br><br>Class 37: Real estate development services; building construction and repair<br><br>Class 39: Rental of warehouse space<br><br>Class 42: Architectural design; engineering; rental and leasing of laboratory equipment |

| Trademark | U.S. Registration Number | Identification of Goods/Services |
|---|---|---|
| ALEXANDRIA VENTURE INVESTMENTS | 4,765,004 | Class 35: Business administration services; business consulting services; business incubator services, namely, business marketing, business management, and business development services in the form of start-up support for businesses of others; business networking services; business communications services, namely, public relations, advertising, marketing and publicity services; new business development and formation consulting services<br><br>Class 36: Real estate services, namely, real estate brokerage, acquisition, management, financing, rental, leasing and consultancy services; real estate investment trust services; financial services, namely, financial consultation, financial analysis, financial planning, financial management, financing services, and financial portfolio management; business incubator services, namely, providing financing and investment funding to emerging and start-up companies |

21.   True and correct copies of the registration certificates for the ALEXANDRIA Registrations, are attached hereto as Exhibit A, and incorporated by reference as though fully set forth herein.

22.   The ALEXANDRIA Registrations are in full force and effect on the PTO's Principal Register. The ALEXANDRIA Registrations are evidence of the validity of the registered marks and of the registration of the marks, of Alexandria's ownership of the registered marks, and of Alexandria's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registrations.

**DEFENDANT'S BUSINESS AND DEFENDANT'S USE OF THE ALEXANDRIA TRADEMARK**

23.   Defendant is a research institution focused on research in the field of artificial intelligence ("AI").   As stated on its website http://allenai.org/about.html,

Defendant "…has undertaken several ambitious projects to drive fundamental advances in science and medicine through AI."

24.    Like Plaintiff, Defendant provides, *inter alia*, services to startups seeking to benefit from incubator programs. For example, on January 18, 2018, *Geekwire* reported that a California-based AI startup founded by former Google employees called ClusterOne was moving to join Defendant's incubator.

25.    In a February 28, 2018 article entitled "Paul Allen Wants to Teach Machines Common Sense" with the dateline San Francisco, *The New York Times* reported on an announcement that $125 million would be used to "double the [Defendant's] budget over the next three years, helping to fund existing research as well as the new efforts, called Project Alexandria."

26.    In March 2018, Alexandria became aware that Defendant had adopted Defendant's ALEXANDRIA Marks and was using a stylized version of the ALEXANDRIA word mark on its promotional materials with a logo design confusingly similar to the Alexandria Logo, as shown below.



27.    Defendant prominently displays Defendant's ALEXANDRIA Marks on its website at http://allenai.org/alexandria/.

28.    More recently, Defendant added a prominent reference to its ALEXANDRIA project and program on the organization's homepage (http://allenai.org/), as shown below.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

**COMPLAINT**

29.     According to Defendant's allenai.org website, Defendant is using Defendant's ALEXANDRIA Marks in connection with its scientific research and publication services to develop "at an unprecedented scale" an enduring repository for data which it describes as "common sense AI" and to provide a universal resource for measuring and managing the abilities of AI systems.  Apparently, Defendant intends to use crowd-sourcing methodologies to collect a broad array of knowledge to inform AI systems.  These services are related to the services provided by Plaintiff under its ALEXANDRIA Marks.

30.     Upon information and belief, Defendant's allenai.org website from which it promotes and markets its ALEXANDRIA services and prominently displays Defendant's ALEXANDRIA Marks is not only accessible in California and directed to visitors located in California, but it is also hosted in California. Plaintiff's belief is based on the fact that Defendant's allenai.org domain name is hosted at IP address 192.30.252.153, which is located in California and associated with the San Francisco-based hosting service GitHub. A substantial amount of the infringing activity is therefore occurring in California, and Defendant has purposefully directed its activities towards California causing harm to Defendant in California.

31.     Upon information and belief, Defendant has purposefully availed itself of the privileged of conducting activities in the forum state. For example, the hosting of GitHub Defendant's allenai.org website from which it promotes and markets Defendant's ALEXANDRIA Marks, is governed by the GitHub Terms of Service available at https://help.github.com/articles/github-terms-of-service/, which provide in relevant part "any access to or use of the Website or the Service are governed by the federal laws of the United States of America and the laws of the State of California, without regard to conflict of law provisions. You and GitHub agree to submit to the exclusive jurisdiction and venue of the courts located in the City and County of San Francisco, California."

32.     Upon information and belief, Defendant's ALEXANDRIA Marks have

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

been featured in publications distributed in California and intended for recipients in the forum state. For example, the March 2, 2018 CBRE Capital Markets Office West email newsletter, which covers the Western United States, reported on a $125 million investment in Defendant's "new 'Project Alexandria' that will try to bring together various technology elements used in artificial intelligence." The March 2, 2018 email newsletter contained contact information for CBRE Capital Markets Office West locations in Los Angeles, Orange County, San Diego, San Francisco, and Silicon Valley.

33. Defendant's employees and representatives routinely travel to events in this forum state. For example, Defendant's CEO Oren Etzioni was a guest at the G-Summit in Pebble Beach, California on August 23-25, 2017. The summit included cross-industry discussions and networking opportunities between world-leading scientists, dynamic tech executives, and pioneering investors. If Defendant is not enjoined, Plaintiff believes that Defendant will continue to travel to events in this forum and that Defendant would promote and use Defendant's ALEXANDRIA Marks at such events.

34. Defendant's offerings under Defendant's ALEXANDRIA Marks are offered through the same marketing and trade channels as Alexandria's products and services, to overlapping customers and stakeholders, including property owners, technology companies, research institutions, educational institutions, and financing entities.

35. Alexandria began using its ALEXANDRIA Marks in the United States decades prior to Defendant's adoption and use of Defendant's ALEXANDRIA Marks in the United States, and the priority dates for the ALEXANDRIA Registrations are also well prior to Defendant's first use of Defendant's ALEXANDRIA Marks.

36. The ALEXANDRIA Marks acquired widespread recognition prior to Defendant's use of Defendant's ALEXANDRIA Marks. Defendant's use of the

Defendant's ALEXANDRIA Marks is identical or highly similar in sight, sound, and appearance to the ALEXANDRIA Marks.

37.   Defendant's use of Defendant's ALEXANDRIA Marks is likely to cause confusion in the marketplace and infringes Alexandria's valuable rights in its ALEXANDRIA Marks. The similar stylization and design of Defendant's ALEXANDRIA Marks as compared to Alexandria's ALEXANDRIA Marks increase the likelihood of confusion.

38.   Defendant's use of Defendant's ALEXANDRIA Marks described herein creates a false suggestion of an affiliation or connection between Defendant and Plaintiff. The particular stylization of Defendant's ALEXANDRIA Marks and associated logos exacerbate the false suggestion of an affiliation or connection.

39.   Defendant is not affiliated with Plaintiff and Plaintiff does not consent to, sponsor, endorse, or approve of Defendant's use of Defendant's ALEXANDRIA Marks in connection with the offering of its research and publication services.

40.   On information and belief, Defendant's actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiff and its ALEXANDRIA Marks.

## **FIRST CAUSE OF ACTION**

### **FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

41.   Plaintiff realleges and incorporates herein by reference paragraphs 1 through 40 of this Complaint as if fully set forth here.

42.   The ALEXANDRIA Marks are inherently distinctive, strong, valid, and protectable trademarks owned by Plaintiff.

43.   Defendant is using the identical and confusingly similar Defendant's ALEXANDRIA Marks to promote and offer its research and publication services.

44.   Defendant's use of Defendant's ALEXANDRIA Marks is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendant's

products and services, and/or is likely to lead the consuming public to believe that Plaintiff has authorized, approved, or somehow sponsored Defendant's offering.

45.   The actions of Defendant described above and specifically, without limitation, Defendant's use of Defendant's ALEXANDRIA Marks in connection with its offerings constitutes trademark infringement in violation of 15 U.S.C. § 1114.

46.   Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of damage to Plaintiff's business and reputation and the diminution of the goodwill of its ALEXANDRIA Marks are difficult to ascertain with specificity. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

47.   Plaintiff is entitled to recover damages in an amount to be determined at trial and the profits made by Defendant on the sales of any products and services through Defendant's use of Defendant's ALEXANDRIA Marks in the United States. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, and deception, making this an exceptional case entitling Plaintiff to recover treble damages, reasonable attorneys' fees, and costs pursuant to 15 U.S.C. § 1117, as well as prejudgment interest.

## SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125

48.   Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 47 of this Complaint as if fully set forth here.

49.   Defendant has used in commerce and without Plaintiff's authorization or consent Defendant's ALEXANDRIA Marks, which are confusingly similar to Plaintiff's registered and common law ALEXANDRIA Marks.

50.     Defendant's actions as described herein are likely to cause confusion and deception among the consuming public and are likely to lead the consuming public to believe that Plaintiff has authorized, approved, or somehow sponsored Defendant's use of the term ALEXANDRIA.

51.     Defendant's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

52.     Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of damage to Plaintiff's business and reputation and the diminution of the goodwill of the ALEXANDRIA Marks are difficult to ascertain with specificity. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

53.     Plaintiff is entitled to recover damages in an amount to be determined at trial and profits made by Defendant on the sales of any products and services through its use of Defendant's ALEXANDRIA Marks. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, deception, making this an exceptional case entitling Plaintiff to recover treble damages, reasonable attorneys' fees, and costs pursuant to 15 U.S.C. § 1117, as well as prejudgment interest.

## THIRD CAUSE OF ACTION

### UNFAIR COMPETITION UNDER

### CAL. BUS. & PROF. CODE § 17200, *ET SEQ*.

54.     Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 53 of this Complaint as if fully set forth here.

55.     By the acts described herein, Defendant has engaged in unlawful and unfair business practices that have injured and will continue to injure Plaintiff's business and property in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

56.    Defendant's acts alleged herein have caused monetary damages to Plaintiff in an amount to be proven at trial.

57.    Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff and its business, reputation, and trademarks, unless and until Defendant is permanently enjoined.

58.    As a direct and proximate result of Defendant's conduct alleged herein, Defendant has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

## FOURTH CAUSE OF ACTION

## CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT

59.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 58 of this Complaint as if fully set forth here.

60.    Plaintiff commenced use of its ALEXANDRIA Marks to designate the source of its services prior to Defendant's adoption and use of Defendant's ALEXANDRIA Marks for closely related or identical services.

61.    Defendant's ALEXANDRIA Marks are likely to be confused with Plaintiff's ALEXANDRIA Marks.

62.    Defendant's acts alleged herein have caused monetary damages to Plaintiff in an amount to be proven at trial.

63.    Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff and its business, reputation, and trademarks, unless and until Defendant is permanently enjoined.

64.    As a direct and proximate result of Defendant's conduct alleged herein, Defendant has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

A.     That Plaintiff be granted preliminary and permanent injunctive relief under 15 U.S.C. § 1051, *et seq.*; California Business and Professions Code § 17200, *et seq.*; and the inherent powers of this Court; specifically, that Defendant and all of its officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and all other persons acting in concert with it be preliminarily and permanently enjoined from (i) using Defendant's ALEXANDRIA Marks, or any other mark confusingly similar to Plaintiff's ALEXANDRIA Marks, in connection with the marketing, promotion, advertising, sale, or distribution of any products and services; and (ii) from any acts of infringement of Plaintiff's ALEXANDRIA Marks.

B.     That Defendant be required to file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

C.     That Defendant be adjudged to have violated 15 U.S.C. § 1114 by infringing Plaintiff's ALEXANDRIA trademark;

D.     That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Plaintiff by using a false designation of origin for Defendant's infringing products and services;

E.     That Defendant be adjudged to have violated Cal. Bus. & Prof. Code § 17200, *et seq.* by unlawfully and unfairly competing against Plaintiff;

F.     That Defendant be adjudged to have infringed Plaintiff's ALEXANDRIA Marks in violation of the common law of the State of California;

G.     That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

H.     That Plaintiff be awarded three times Defendant's profits and three times of all Plaintiff's damages, suffered as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act, as well as Plaintiff's costs, attorneys' fees, and expenses in this suit under 15 U.S.C. § 1117;

1      I.      That Plaintiff be awarded damages in an amount sufficient to compensate

2    it for the damage caused by Defendant's unfair competition under Cal. Bus. & Prof.

3    Code § 17200, *et seq.*;

4      J.      That Plaintiff be granted prejudgment and post judgment interest;

5      K.     That Plaintiff be granted costs associated with the prosecution of this

6    action; and

7      L.      That Plaintiff be granted such further relief as the Court may deem just

8    and equitable.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

Dated:     June 20, 2018

ALEXANDRIA REAL ESTATE EQUITIES, INC.
By Counsel

/s/ John Paul Oleksiuk
JOHN PAUL OLEKSIUK (SBN 283396)
PATRICK GUNN (SBN 172258)
Cooley LLP
Counsel for Plaintiff